IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VEDERRA HOLDINGS LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GLOBAL EQUITY PARTNERS, LLC and<br>GARY DEON JEFFERSON,<br><br>　　　　Defendants. | Civil Action No. 3:23-MC-00038-K |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Vederra Holdings, LLC's Motion for Post-Judgment Receivership (the "Motion"). Doc. No. 2. Upon consideration of the same, the Court **DENIES** the Motion.

I. BACKGROUND

On May 31, 2023, Plaintiff Vederra Holdings, LLC ("Vederra") registered a judgment of the United States District Court for the District of Colorado in this Court. Doc. No. 1. Pursuant to the judgment, Defendants Global Equity Partners, LLC ("GEP") and Gary Deon Jefferson owe Vederra $2.6 million, with interest accruing at 8% per annum. *Id.* On June 27, 2023, Vederra filed its verified Motion for Post-Judgment Receivership. Doc. No. 2. In its Motion, Vederra requests appointment of a receiver to dispose of Defendants' property in satisfaction of Vederra's registered judgment. *Id.* at 1. Vederra also requests a turnover order to assist the receiver in

1

identifying and disposing of Defendants' property. *Id.* at 6. In support of its Motion, Vederra states:

> We believe that the [Defendants] own property, including present or future rights to property that cannot be readily attached or levied on by ordinary legal process, and the property is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. Further, we believe that unless a receiver is appointed, the [Defendants] will fraudulently transfer, or waste, or attempt to damage assets or place them beyond the Court's or [the Defendants'] reach. Finally, we believe [GEP] is insolvent or soon will be unless a receiver is appointed.

*Id.* at 5. Vederra sent its Motion to Defendants by certified mail. *Id.* at 10. No return receipts are in the record.

## II.  DISCUSSION

The Court denies Vederra's Motion to appoint a receiver and issue a turnover order. Vederra has not supplied return receipts confirming that Vederra properly served Defendants by certified mail, and Vederra's conclusory assertions fail to establish that *ex parte* appointment of a receiver or issuance of turnover order is appropriate. *See Smith v. Lowe's Cos.*, 2023 WL 5165577, at *3 (N.D. Tex. Aug. 11, 2023) (O'Connor, J.) (plaintiff failed to establish service because he did not submit return receipts).

Vederra must make threshold factual showings before the Court will appoint a receiver or issue a turnover order. Appointment of a receiver to manage a party's property is an "extraordinary remedy" available only when there is a "clear necessity to protect [another] party's interest in property, legal and less drastic equitable remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties." *SEC v. Barton*, --- F.4th ---, 2023 WL 5618997, at *4 (5th Cir. Aug. 31, 2023)

2

(quoting *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012)).  The Court will not grant a receivership *ex parte* unless there is an urgent need to do so or providing notice to the affected parties is impracticable.  12 Wright & Miller, Federal Practice & Procedure § 2983 (3d ed. Apr. 2023 update); *Marion Mortg. Co. v. Edmunds*, 64 F.2d 248, 251 (5th Cir. 1933).

The Court may issue a "turnover" order giving a party's assets to a receiver to sell in satisfaction of a judgment against the party only if the Court has some "basis to conclude that [the party] owns . . . property subject to turnover." *Tanner v. McCarthy*, 274 S.W.3d 311, 323 (Tex. App.–Houston [1st Dist.] 2008, no pet.); Tex. Civ. Prac. & Rem. Code § 31.002(b).  Texas statutes specify a variety of property exempt from the turnover statute, *see* Tex. Prop. Code § 41.001 *et seq.*, and the law of another state may create exemptions if the state has a "dominant interest in the application of its exemption laws." *Bergman v. Bergman*, 888 S.W.2d 580, 585 (Tex. App.–El Paso 1994, no writ).

Vederra offers no evidence that a receivership is necessary to prevent Defendants from dissipating property before they satisfy Vederra's judgment against them and no evidence that Defendants possess any property subject to turnover.  Vederra states that it "believe[s]" that Defendants "own property," that Defendants "will fraudulently transfer, or waste, or attempt to damage assets or place them beyond the Court's or [Defendants'] reach," and that GEP "is insolvent or soon will be unless a receiver is appointed," Doc. No. 2 at 5, but Vederra does not explain the basis for its beliefs or

3

support its speculation with corroborating evidence. Vederra's conclusory assertions are an insufficient basis to grant the relief it seeks. *See Harris v. Nat'l Seal Co. Enhanced Severance Pay Plan*, 2007 WL 1643225, at *4 (S.D. Tex. June 4, 2007) (Rosenthal, J.) (denying request for turnover order and appointment of receiver supported only conclusory affidavit); *Vaccaro v. Raymond James & Assocs.*, 655 S.W.3d 485, 490-93 (Tex. App.–Fort Worth 2022, no pet.) (denying request for turnover order based on affidavit setting forth attorney's "understanding" that nonexempt assets existed).

### III. CONCLUSION

The Court **DENIES** Vederra's Motion for Post-Judgment Receivership.

**SO ORDERED**.

Signed September 11th, 2023.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

4