IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEDERRA HOLDINGS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-mc-38-K-BN |
| | § | |
| GLOBAL EQUITY PARTNERS, LLC | § | |
| and GARY DEON JEFFERSON, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff (and Judgment Creditor) Vederra Holdings, LLC has filed a First Amended Motion for Post-Judgment Receivership, *see* Dkt. No. 5, and a Motion to Consider First Amended Motion for Post-Judgment Receivership, *see* Dkt. No. 7. Vederra "asks the Court to sign a turnover order and to appoint receivers, Ms. Dana E. Lipp and Mr. James W. Volberding, each a member of the bar of this court, to collect a final judgment of the United States District Court for the District of Colorado." Dkt. No. 5 at 1 of 75.

After having denied Plaintiff Vederra Holdings, LLC's Motion for Post-Judgment Receivership [Dkt. No. 2], *see* Dkt. No. 4, the presiding judge, United States District Judge Ed Kinkeade, referred this matter, including any pending motions, to the undersigned United States magistrate judge under 28 U.S.C. § 636(b), *see* Dkt. No. 10.

For the reasons explained below, the Court should grant Plaintiff Vederra Holdings, LLC's Motion to Consider First Amended Motion for Post-Judgment

Receivership [Dkt. No. 7] and, having considered it, deny Plaintiff Vederra Holdings, LLC's First Amended Motion for Post-Judgment Receivership [Dkt. No. 5].

## Background

The Court's prior order provides the pertinent background:

> On May 31, 2023, Plaintiff Vederra Holdings, LLC ("Vederra") registered a judgment of the United States District Court for the District of Colorado in this Court. Doc. No. 1. Pursuant to the judgment, Defendants Global Equity Partners, LLC ("GEP") and Gary Deon Jefferson owe Vederra $2.6 million, with interest accruing at 8% per annum. *Id*. On June 27, 2023, Vederra filed its verified Motion for Post-Judgment Receivership. Doc. No. 2. In its Motion, Vederra requests appointment of a receiver to dispose of Defendants' property in satisfaction of Vederra's registered judgment. *Id*. at 1. Vederra also requests a turnover order to assist the receiver in identifying and disposing of Defendants' property. *Id*. at 6. In support of its Motion, Vederra states:
>> We believe that the [Defendants] own property, including present or future rights to property that cannot be readily attached or levied on by ordinary legal process, and the property is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. Further, we believe that unless a receiver is appointed, the [Defendants] will fraudulently transfer, or waste, or attempt to damage assets or place them beyond the Court's or [the Defendants'] reach. Finally, we believe [GEP] is insolvent or soon will be unless a receiver is appointed.
>
> *Id*. at 5. Vederra sent its Motion to Defendants by certified mail. *Id*. at 10. No return receipts are in the record.

Dkt. No. 4 at 1-2; *Vederra Holdings LLC v. Glob. Equity Partners, LLC*, No. 3:23-mc-38-K, 2023 WL 5945867, at *1 (N.D. Tex. Sept. 12, 2023).

"The Court denie[d] Vederra's Motion to appoint a receiver and issue a turnover order," explaining that

> Vederra has not supplied return receipts confirming that Vederra properly served Defendants by certified mail, and Vederra's conclusory

assertions fail to establish that *ex parte* appointment of a receiver or issuance of turnover order is appropriate. *See Smith v. Lowe's Cos.*, 2023 WL 5165577, at *3 (N.D. Tex. Aug. 11, 2023) (O'Connor, J.) (plaintiff failed to establish service because he did not submit return receipts).

Vederra must make threshold factual showings before the Court will appoint a receiver or issue a turnover order. Appointment of a receiver to manage a party's property is an "extraordinary remedy" available only when there is a "clear necessity to protect [another] party's interest in property, legal and less drastic equitable remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties." *SEC v. Barton*, --- F.4th ---, 2023 WL 5618997, at *4 (5th Cir. Aug. 31, 2023) (quoting *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012)). The Court will not grant a receivership *ex parte* unless there is an urgent need to do so or providing notice to the affected parties is impracticable. 12 Wright & Miller, Federal Practice & Procedure § 2983 (3d ed. Apr. 2023 update); *Marion Mortg. Co. v. Edmunds*, 64 F.2d 248, 251 (5th Cir. 1933).

The Court may issue a "turnover" order giving a party's assets to a receiver to sell in satisfaction of a judgment against the party only if the Court has some "basis to conclude that [the party] owns ... property subject to turnover." *Tanner v. McCarthy*, 274 S.W.3d 311, 323 (Tex. App.–Houston [1st Dist.] 2008, no pet.); Tex. Civ. Prac. & Rem. Code § 31.002(b). Texas statutes specify a variety of property exempt from the turnover statute, *see* Tex. Prop. Code § 41.001 *et seq.*, and the law of another state may create exemptions if the state has a "dominant interest in the application of its exemption laws." *Bergman v. Bergman*, 888 S.W.2d 580, 585 (Tex. App.–El Paso 1994, no writ).

Vederra offers no evidence that a receivership is necessary to prevent Defendants from dissipating property before they satisfy Vederra's judgment against them and no evidence that Defendants possess any property subject to turnover. Vederra states that it "believe[s]" that Defendants "own property," that Defendants "will fraudulently transfer, or waste, or attempt to damage assets or place them beyond the Court's or [Defendants'] reach," and that GEP "is insolvent or soon will be unless a receiver is appointed," Doc. No. 2 at 5, but Vederra does not explain the basis for its beliefs or support its speculation with corroborating evidence. Vederra's conclusory assertions are an insufficient basis to grant the relief it seeks. *See Harris v. Nat'l Seal Co. Enhanced Severance Pay Plan*, 2007 WL 1643225, at *4 (S.D. Tex. June 4, 2007) (Rosenthal, J.) (denying request for turnover order and appointment of receiver supported only conclusory affidavit); *Vaccaro v. Raymond James & Assocs.*, 655 S.W.3d 485, 490-93 (Tex. App.–Fort Worth 2022, no pet.) (denying request for turnover order

based on affidavit setting forth attorney's "understanding" that nonexempt assets existed).

Dkt. No. 4 at 2-4; *Vederra Holdings*, 2023 WL 5945867, at *1-*2.

Vederra then filed its First Amended Motion for Post-Judgment Receivership, "asking that the Court appoint receivers to collect the judgment in this case, award attorney's fees, and provide for the payment of fees and costs to the receiver, and order Judgment Debtors to turn over all nonexempt property and financial records in their possession or control, with all supporting documents as set forth in the proposed order which accompanies this motion." Dkt. No. 5 at 9 of 75.

Vederra asserts that appointment of a receiver is appropriate under Federal Rule of Civil Procedure 69(a) and the Texas Turnover Statute (Texas Civil Practice & Remedies Code § 31.002) as well as Texas Civil Practice & Remedies Code § 64.001. *See* Dkt. No. 5 at 3-5 of 75.

"Vederra asks the Court to order the Judgment Debtors to turn over all nonexempt property that is in the Judgment Debtors' possession or subject to the Judgment Debtors' control, together with all documents related to the property, to appoint a receiver with the authority to take possession of the nonexempt property, sell it and pay the proceeds to the Vederra to the extent required to satisfy the judgment, including the fees and costs of the receiver." *Id*. at 7 of 75.

In support, Vederra explains that

> [a] valid final foreign judgment has been filed and registered in this court that remains unpaid. This Court therefore has competent jurisdiction to enforce collection.
> Judgment Debtors own property, including present or future

> rights to property that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. Judgment Debtor Gary Jefferson admitted, by failing to respond to Vederra's post-judgment discovery requests, that he owns non-exempt assets, including but not limited to at least one nonexempt automobile. In addition to failing to respond to requests for admissions, Judgment Debtor did not respond to Vederra's written interrogatories or requests for production.
>
> Judgment Debtor Global Equity Partners, LLC served only partial responses to Vederra's post-judgment discovery requests. Global Equity Partners did not produce any of the documents requested and did not provide responsive answers to several of Vederra's written interrogatories. Global Equity Partners responses to Vederra's written interrogatories 4 and 7 indicates that Global Equity Partners owns property or rights to property that can be used to satisfy the judgment. Global Equity Partners responded that it owns or recently owned a financial account with Bank of America and, in response to a question about funds it received from Vederra, Global Equity Partners said it will make a settlement offer to Vederra that will "conclude this transaction with Vederra." Global Equity Partners' response indicates that it has access to funds, possibly those paid by Vederra to Global Equity Partners, that it intends to use to satisfy the judgment debt.
>
> A Judgment Creditor is not required to exhaust all other means of collecting a judgment before asking a court to appoint a receiver. *See In re Estate of Trevino*, 195 S.W.3d 223, 231 (Tex. App. – San Antonio 2006, no pet.) ("A receiver appointed pursuant to § 64.001(a) and (b) .... is not required to show that no other adequate remedy exists.").

Dkt. No. 5 at 6 of 75; *see also id.* at 1-3 of 75 (describing Defendants Global Equity Partners, LLC's and Gary Deon Jefferson's responses to Vederra's post-judgment discovery requests).

In its Motion to Consider First Amended Motion for Post-Judgment Receivership, Vederra "respectfully asks the Court to consider its First Amended Motion for Post-Judgment Receivership" and contends that its "First Amended Motion for Post-Judgment Receivership and Certificate of Delivery establish that (a) Judgment Debtors, Global Equity Partners, LLC and Gary Deon Jefferson, have non-

exempt property and, therefore, a post-judgment receivership is authorized and (b) Judgment Debtors, Global Equity Partners, LLC and Gary Deon Jefferson, have been served with the First Amended Motion for Post-Judgment Receivership." Dkt. No. 7 at 1.

Vederra also filed certificates of service. *See* Dkt. Nos. 6 & 8 (certificates of service).

And Defendants Global Equity Partners, LLC and Gary Deon Jefferson have not filed any responses.

**Legal Standards**

A federal court may enforce a money judgment "in accordance with the practice and procedure of the state in which the district court is held." FED. R. CIV. P. 69(a).

The Texas Turnover Statute "is 'the procedural device [in this state] by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process.'" *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 426 (5th Cir. 2006) (quoting *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991)).

Under the Texas Turnover Statute, a judgment creditor is "entitled to aid from a court of appropriate jurisdiction ... to obtain satisfaction on the judgment if the judgment debtor owns property ... that (1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." TEX. CIV. PRAC. & REM. CODE § 31.002(a).

"To obtain relief under the turnover statute, a judgment creditor must prove:

(1) the judgment debtor owns property, including present or future rights to property; (2) the property is not exempt from attachment, execution, or seizure; and (3) the property cannot readily be attached or levied on or by ordinary legal process." *Maiden Biosciences, Inc. v. MPM Med. Inc.*, No. 3:18-cv-1354-D, 2021 WL 1056458, at *3 (N.D. Tex. Mar. 18, 2021) (cleaned up).

The Texas Turnover Statute permits a court to "order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution." TEX. CIV. PRAC. & REM. CODE § 31.002(b)(1).

The statute also provides that the court may "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE § 31.002(b)(3).

And Texas Civil Practice & Remedies Code § 64.001(a) provides that "[a] court of competent jurisdiction may appoint a receiver: … (2) in an action by a creditor to subject any property or fund to his claim." TEX. CIV. PRAC. & REM. CODE § 64.001(a)(2).

But Texas Civil Practice & Remedies Code § 64.001(b) provides that the party seeking appointment of a receiver under Section 64.001(a)(2) "must have a probable interest in or right to the property or fund, and the property or fund must be in danger of being lost, removed, or materially injured." TEX. CIV. PRAC. & REM. CODE § 64.001(b).

The United States Court of Appeals for the Fifth Circuit has explained that "a receivership is a remedy for taking possession of a judgment debtor's property." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 306 (5th Cir. 2012). That is, "receivership may be an appropriate remedy for a judgment creditor who seeks to set aside allegedly fraudulent conveyances by the judgment debtor, or who has had execution issued and returned unsatisfied, or who proceeds through supplementary proceedings pursuant to Rule 69, or who seeks to subject equitable assets to the payment of his judgment, or who otherwise is attempting to have the debtor's property preserved from dissipation until his claim can be satisfied." *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997) (cleaned up).

But the Fifth Circuit has explained that "[r]eceivership is an extraordinary remedy that should be employed with the utmost caution and is justified only where there is a clear necessity to protect a party's interest in property, legal and less drastic equitable remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties." *Netsphere*, 703 F.3d at 305 (cleaned up); *accord Estate of Price*, 528 S.W.3d 591, 593-94 (Tex. App. – Texarkana 2017, no pet.) ("Even though [a] receiver appointed pursuant to section 64.001(a) and (b) of the Texas Civil Practice and Remedies Code is not required to show that no other adequate remedy exists, [t]he appointment of a receiver is a harsh, drastic, and extraordinary remedy, which must be used cautiously." (cleaned up)); *see also Cap. Funding, LLC v. TLTX Holdings, LLC*, No. 2:20-cv-5-Z, 2020 WL 264106, at *4-*5 & n.1 (N.D. Tex. Jan. 17, 2020).

"Factors that courts have considered as indicating the need for a receivership include the following: a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm." *Santibanez*, 105 F.3d at 241-42 (cleaned up).

## Analysis

In its First Amended Motion for Post-Judgment Receivership, Vederra seeks to establish that Defendants Global Equity Partners, LLC and Gary Deon Jefferson have not satisfied the judgment, own non-exempt assets or property or rights to property that can be used to satisfy the judgment, and failed to respond to post-judgment discovery requests. *See* Dkt. No. 5.

The Court should again find that what Vederra has offered is not enough to appoint a receiver, as Vederra requests.

Vederra again offers no evidence that a receivership is necessary to prevent Defendants from dissipating property before they satisfy Vederra's judgment against them.

Vederra offers no evidence or facts to support a finding that any non-exempt property or funds are in danger of being lost, removed, materially injured, concealed, or diminished in value without appointment of a receiver to seize them.

And Vederra offers no evidence or facts to support a finding that this

extraordinary remedy is clearly necessary to protect Vederra's interest in non-exempt assets or property that can be used to satisfy the judgment.

And, even if that lack of evidence did not alone provide a basis to deny Vederra's amended motion, Vederra also failed to meet its burden to provide "some substantive, probative evidence establishing the turnover statute's requirement[]" to establish "that the judgment debtor owns nonexempt property" – at least as to Defendants Global Equity Partners, LLC. *D'Arcy Petroleum, LLC v. Mink*, No. 3:19-cv-2770-M-BT, 2024 WL 2885326, at *1 (N.D. Tex. Apr. 30, 2024) (cleaned up), *rep. & rec. adopted*, 2024 WL 2885904 (N.D. Tex. June 7, 2024).

As to Defendant Gary Deon Jefferson, Vederra relies on his failure to answer post-judgment Texas Rule of Civil Procedure 198 requests for admissions asking that he "[a]dmit you own non-exempt assets," "[a]dmit that you own more than one motor vehicle," "[a]dmit that you have deposited funds owed to Vederra Holdings, LLC into bank accounts that you presently own or control," "[a]dmit that you provided some or all the funds that you owe to Vederra Holdings, LLC to an attorney who is licensed to practice law in the State of Texas," and "[a]dmit that some or all the funds you owe to Vederra Holdings, LLC were deposited into a Texas Interest on Lawyers' Trust Account (IOLTA)." Dkt. No. 5 at 2, 6, 32-36 of 75; *see* TEX. R. CIV. P. 198.2(c), 198.3; *Shaban v. Hertz Corp.*, No. CV H-19-0987, 2020 WL 2544757, at *3 (S.D. Tex. May 19, 2020) ("The Texas Rules of Civil Procedure provide that requests for admissions are deemed admitted if not timely responded to. TEX. R. CIV. P. 198.2(c)."); *Edgefield Holdings v. Gilbert*, No. 3:17-mc-74-N-BN, 2018 WL 1138516, at *8-*9 (N.D. Tex.

Mar. 2, 2018) (explaining that Federal Rule of Civil Procedure 69(a)(2) "allows post-judgment discovery to proceed according to the federal rules governing pre-trial discovery, or according to state practice" at the judgment creditor's election, and "Rule 621a of the Texas Rules of Civil Procedure, like Federal Rule 69, makes post-judgment discovery coextensive with pre-trial discovery" (cleaned up)).

But Global Equity Partners, LLC denied those same requests for admissions. *See* Dkt. No. 5 at 71 of 75. And, so, Vederra instead relies on Global Equity Partners, LLC's interrogatory answers that identify "Bank of America NA" in answer to the request to "[i]dentify each financial account you have maintained at a bank or other financial institution between January 1, 2022, and the present day" and respond that "[t]ransaction regarding Vederra Holdings is currently in progress for settlement, At settlement, we will issue a settlement offer to conclude this transaction with Vederra" in response to the request to "[i]dentify each and every use of, payment made, or transfer made for all funds you received from Vederra Holdings, LLC, whether those funds were provided directly to you or indirectly through any entity your own or control, including but not limited to, Global Equity Partners, LLC." Dkt. No. 5 at 72 of 75; *see also id.* at 2-3, 6 of 75. That falls short of making the required "showing that the judgment debtor owns nonexempt property that is not readily subject to ordinary execution" with "proof of the necessary facts." *D'Arcy Petroleum*, 2024 WL 2885326, at *1 (cleaned up).

And, "because [Vederra] does not prevail on [its amended motion], [it] is not entitled to reasonable attorney's fees under Chapter 31.002(e)." *Id.* at *2.

## Recommendation

The Court should grant Plaintiff Vederra Holdings, LLC's Motion to Consider First Amended Motion for Post-Judgment Receivership [Dkt. No. 7] and, having considered it, deny Plaintiff Vederra Holdings, LLC's First Amended Motion for Post-Judgment Receivership [Dkt. No. 5].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 15, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE